FINLEY
*v.*
BABIN.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### JOSEPH OULLIBER *v* WILLIAM JOUBLANC, f. m. c.

An appeal will not be dismissed merely on account of the carelessness of the officer in an obvious omission of a word in his return of the service of the copy of the petition of appeal. Such a case is completely within the scope of the Act of 1839.

Where an injunction has been sued out on grave charges of fraud and simulation, and the plaintiff offers no evidence whatever to sustain them, the maximum of damages allowed by law should be awarded to the defendant on the dissolution of the injunction.

APPEAL from the District Court of St. Tammany, *Waterston*, J. *Penn & Mouton*, for plaintiff. *H. Griffon*, for defendant and appellant.

BUCHANAN, J. The appellees move to dismiss this appeal, on the ground that no copy of petition of appeal was served on them. There are three appellees, and three citations of appeal are annexed to the transcript. On each is written a return in these words: "Received this original with a copy *and copy of appeal*, January 13th, 1857, and on the 14th of the same month and year served *said copies*, &c." We understand the words *copy of appeal* in these returns to mean *copies of petition of appeal*. They either have that meaning or no meaning at all; and the court cannot consent that the carelessness of the returning officer in omitting a word so obvious shall deprive the party of the benefit of his appeal. A case cannot be imagined more completely within the scope of the Act of 1839, (Session Acts, 170.)

The motion to dismiss is overruled on the merits we have presented, a case of abuse of the process of injunction which calls for an infliction of the maximum of the discretionary penalty inflicted by the Act of 1831.

*William Joublanc*, the defendant, having sued out executory process upon a note for the sum of $6413 64, subscribed by *Joseph Oulliber*, and past due, the said *Joseph Oulliber* applied for an injunction upon allegations, that he was induced by the fraudulent representations of the payee of the note to give his seven promissory notes, forming a series payable at different times, of which the note enjoined was the first due, and amounting, in the aggregate, to the sum of twenty-two thousand dollars and upwards, and payment secured by special mortgage on a tract of land in the parish of St. Tammany. That the aforesaid seven notes were obtained as aforesaid by the payee of the same, for the alleged purpose of having them discounted, and the proceeds to be used for the benefit of a partnership existing between plaintiff and the payee of the notes, in a saw-mill, estab-

lished on the tract of land mortgaged. That the payee fraudulently retained said notes in his possession, and never discounted and placed the same to the credit of the partnership. That the proceeds of said saw-mill proved amply sufficient to carry on the partnership without resorting to the discounting of the said notes. That the revenues derived from the said mill were all placed in the hands of the said payee of the notes and partner of plaintiff, who made disbursements on account of said partnership, but not equal in amount to the income ; hence it was not necessary to discount said notes. That, being in possession of the note sued on at its maturity, and having funds on hand sufficient to liquidate and pay it, the pretended sale of it afterwards was a fraud upon the plaintiff's rights. Plaintiff charges collusion and fraud between defendant and the partner of plaintiff, that the pretended sale and subrogation of the note and mortgage, to the former by the latter, are simulated and fraudulent, and the name of defendant merely used as a color to enable plaintiff's partner to carry on a suit to compel plaintiff in injunction to pay said note, or have the mortgaged property sacrificed, and thus force, at an unseasonable moment, the dissolution of the partnership, to the great injury of the plaintiff in injunction. Plaintiff alleges that, without any consideration whatever, paid or expressed, defendant has accepted of a pretended sale and subrogation of said note from plaintiff's partner, the payee of the note, and has commenced executory proceedings, under which the property mortgaged has been seized and taken into the possession of the Sheriff. The sale of the property was enjoined on these allegations, and on the plaintiff making the affidavit and giving the bond required by law, and by the order of the court, on the 4th January, 1856.

When, nearly a year afterwards, this case came to trial plaintiff did not offer a tithe of evidence in support of the very grave and circumstantial charges of fraud and simulation contained in this petition, nor, indeed, any evidence whatsoever. On the other hand, the defendant has proved by the testimony of witnesses, and by letters and other documents signed by the plaintiff himself, that the charges of misconduct and fraud, simulation and collusion, between defendant and plaintiff's partner to injure plaintiff are entirely contrary to the truth. The District Judge dissolved the injunction, with five per cent. damages against the plaintiff and his sureties on the injunction bond. The defendant has appealed, and claims that the damages be increased to the maximum allowed by law. The record demonstrates that this request is not unreasonable. The petition states the property seized to be in the possession of a keeper appointed by the Sheriff. This keeping has now lasted for more than fourteen months, and the legal charge of the Sheriff for keeping will probably amount to more than double the damages allowed by the court below, and as costs of court, will be of course privileged upon the proceeds of the Sheriff's sale. The judgment enjoined, amounts, exclusive of interest, to six thousand four hundred dollars and upwards.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended; that the injunction be dissolved, and that *William Joublanc, f. c. m.*, defendant in injunction, recover of *Joseph Oulliber*, principal, and of *William H. Merritt* and *José Colomer*, sureties in the injunction bond, *in solido*, twelve hundred and eighty dollars damages, with costs in both courts.